1  ANTHONY P. CAPOZZI, CSBN 068525
   LAW OFFICES OF ANTHONY P. CAPOZZI
2  1233 W. Shaw Avenue, Suite 102
   Fresno, CA 93711
3  Telephone: (559) 221-0200
   Fax: (559) 221-7997
4  E-mail: capozzilaw@aol.com

5  Attorney for Defendant,
6  SURINDER SINGH NIJJAR

FILED

DEC ~ 8 2008

CLERK,
EASTERN DISTRICT COURT
DISTRICT OF CALIFORNIA
BY
        DEPUTY CLERK

7

8
9              IN THE UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA, FRESNO

11                          * * * * *

12 UNITED STATES OF AMERICA,          )  Case No.: CR-F-04-5356 AWI
13                                    )
          Plaintiff,                  )  STIPULATION AND PROPOSED
14     vs.                            )  AMENDED ORDER TO SUBORDINATE
                                      )  PROPERTY BOND
15                                    )
   SURINDER SINGH NIJJAR,             )
16                                    )
17        Defendant.                  )
                                      )
18

19        IT IS HEREBY STIPULATED between the Defendant, SURINDER SINGH NIJJAR, by

20 and through his attorney-of-record, Anthony P. Capozzi, and Plaintiff, by and through Assistant
21
   United States Attorney, Mark E. Cullers, that the property located at 23671 Avenue 19 1/2, Madera,
22
23 California, posted as bond for the Defendant's pretrial release be subordinated in order for the

24 defendant, SURINDER SINGH NIJJAR to refinance the property.
25
          Mr. Nijjar was sentenced on June 21, 2008 before this court and is now awaiting appeal of
26
27 his sentence.

28

1    On January 21, 2005 an original Deed of Trust was posted on behalf of the Defendant,

2    SURINDER SINGH NIJJAR, by Nijjar Brothers Farms (Deed of Trust Receipt No. 2005003128;

3    property address 23671 Avenue 19 1/2, Madera, California, 93638).  The Straight Note and Deed

4

5    of Trust were posted in the amount of $1,000,000.00.

6        It is further agreed that the loan shall not affect the $1,000,000.00 of equity in the property

7    previously posted for the Defendant's pretrial release.

8

9                                   Respectfully submitted,

10   Dated:  October 6, 2008

11                                      _____/s/ Anthony P. Capozzi_____
                                        Anthony P. Capozzi,
12                                      Attorney for Defendant,
                                        SURINDER SINGH NIJJAR
13

14
     Dated:  October 6, 2008
15

16                                      _____/s/ Mark E. Cullers_____
                                        Mark E. Cullers,
17                                      Assistant U.S. Attorney

18

19

20

21

22

23

24

25

26

27

28

1

**ORDER**

2        IT IS SO ORDERED.  Good cause having been shown, the property bond posted for

3   SURINDER SINGH NIJJAR's pretrial release shall be subordinated pursuant to the subordination

4   agreement attached hereto as exhibit "A".

5

6   Dated: November _5_, 2008

7

8                                        Honorable Anthony W. Ishii,
9                                        U.S. District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        3

# EXHIBIT A

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:**
UNITED STATE DISTRICT COURT
1130 "O" STREET FRESNO CA 93721
1:04CR05356-003

_____ Space Above This Line for Recorder's Use Only _____

A.P.N.: 029-200-017 and 029-200-024                                          File No.: 1004-3102566 (SR)

# SUBORDINATION AGREEMENT

## (EXISTING TO NEW)

### NOTICE:  THIS SUBORDINATION AGREEMENT RESULTS IN YOUR SECURITY INTEREST IN THE PROPERTY BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE LIEN OF SOME OTHER OR LATER SECURITY INSTRUMENT.

THIS AGREEMENT, made this Twenty-sixth day of November, 2008, by

Nijjar Brothers Farms, LLC,  a California limited liability company

Owner of the land hereinafter described and hereinafter referred to as "Owner", and

Victoria C. Minor

present Owner and Holder of the Deed of Trust and Note first hereinafter described and hereinafter referred to as "Beneficiary";

### WITNESSETH

THAT WHEREAS, Nijjar Brothers Trucking, a Partnership, has executed a Deed of Trust dated January 18,2005 to Chicago Title Company, a California Corporation, as Trustee, covering:

PARCEL NO. 1:

LOTS 1, 2, 3 AND 4 IN SECTION 28, TOWNSHIP 10 SOUTH, RANGE 17 EAST, M.D.B.&M., ACCORDING TO THAT CERTAIN MAP DESIGNATED AS "MILLER AND LUX INCORPORATED SUBDIVISION OF SECTIONS 28, 32 AND 33, TOWNSHIP 10 SOUTH, RANGE 17 EAST, M.D.B.&M.,", FILED AND RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF MADERA, STATE OF CALIFORNIA, FEBRUARY 9, 1916 IN VOL. 4 OF MAPS, AT PAGE 33 AND 34.

A.P.N.: **029-200-017**        Subordination Agreement - continued        File No.: **1004-**
**3102566 (SR)**
Date: **November 26, 2008**

EXCEPTING FROM ALL LOTS 2, 3 AND 4 AND ALL OF LOT 1, EXCEPT THE EAST 668.78 FEET, AN UNDIVIDED 1/2 INTEREST IN ALL OIL, GAS AND MINERALS IN AND UNDER SAID LAND FOR A PERIOD OF 20 YEARS; AS RESERVED BY CUAN CHUCK AND LA SHEE CHUCK, HUSBAND AND WIFE, ROBERT CHUCK, A SINGLE MAN, ALICE CHUCK, A SINGLE WOMAN AND GLORIA CHUCK, A SINGLE WOMAN, IN DEED DATED SEPTEMBER 28, 1956 AND RECORDED OCTOBER 26, 1956 IN VOL. 680 OF OFFICIAL RECORDS, PAGE 122, MADERA COUNTY RECORDS.

EXCEPTING FROM THE EAST 668.78 FEET OF LOT 1, AN UNDIVIDED 1/2 INTEREST IN AND TO ALL OIL, GAS AND MINERALS IN AND UNDER THE ABOVE DESCRIBED LAND; AS RESERVED IN DEED DATED SEPTEMBER 6, 1949 FROM GRANVILLE E. BROWN, ET AL AND RECORDED OCTOBER 13, 1949 IN VOL. 477 OF OFFICIAL RECORDS, PAGE 179, MADERA COUNTY RECORDS.

EXCEPTING FROM LOTS 3 AND 4, THE SOUTHERLY 75 FEET THEREOF AS GRANTED TO THE UNITED STATES OF AMERICA, IN DEED DATED SEPTEMBER 1, 1960, BETWEEN JOHN C. WELDON, ET UX AND THE UNITES STATES OF AMERICA, RECORDED DECEMBER 7, 1962 IN VOL. 847 OF OFFICIAL RECORDS, PAGE 634, MADERA COUNTY RECORDS.

PARCEL NO. 2:

AN EASEMENT FOR ROAD RIGHT OF WAY OVER THE EAST 40 FEET OF THE SOUTH 75 FEET OF LOT 3, AS RESERVED BY JOHN C. WELDON, ET UX, IN DEED TO THE UNITED STATES OF AMERICA, DATED SEPTEMBER 1, 1960 AND RECORDED DECEMBER 7, 1962 IN VOL. 847 OF OFFICIAL RECORDS, PAGE 634, MADERA COUNTY RECORDS.

to secure a Note in the sum of $1,000,000.00, dated January 18, 2005, in favor of Jack L Wagner, Clerk, United States District Court, which Deed of Trust was recorded January 21, 2005 in Book xxx, Page xxx, or Instrument No. 2005-3128, of said County; and

WHEREAS, Owner has executed, or is about to execute, a Deed of Trust and Note in the sum of $850,000.00, to be recorded concurrently herewith , in favor of  AXA EQUITABLE LIFE INSURANCE COMPANY, A NEW YORK CORPORATION, hereinafter referred to as "Lender", payable with interest and upon the terms and conditions described therein, which Deed of Trust is to be recorded concurrently herewith; and

WHEREAS, it is a condition precedent to obtaining said loan that said Deed of Trust last above mentioned shall unconditionally be and remain at all times a lien or charge upon the land hereinbefore described, prior and superior to the lien or charge of the Deed of Trust first above mentioned; and

WHEREAS, Lender is willing to make said loan provided the Deed of Trust securing the same is a lien or charge upon the above described property prior and superior to the lien or charge of the Deed of Trust first above mentioned and provided that Beneficiary will specifically and unconditionally subordinate the lien or charge of the Deed of Trust first above mentioned to the lien or charge of the Deed of Trust in favor of Lender; and

WHEREAS, it is to the mutual benefit of the parties hereto that Lender make such loan to Owner; and Beneficiary is willing that the Deed of Trust securing the same shall, when recorded, constitute a lien or charge upon said land which is unconditionally prior and superior to the lien or charge of the Deed of Trust first above mentioned.

Page 2 of 5

A.P.N.: **029-200-017**            Subordination Agreement - continued            File No.: **1004-3102566 (SR)**
Date: **November 26, 2008**

NOW, THEREFORE, in consideration of the mutual benefits accruing to the parties hereto and other valuable consideration, the receipt and sufficiency of which consideration is hereby acknowledged, and in order to induce Lender to make the loan above referred to, it is hereby declared, understood and agreed as follows:

(1)     That said Deed of Trust securing said Note in favor of Lender, and any renewals or extensions thereof, shall unconditionally be and remain at all times a lien or charge on the property therein described, prior and superior to the lien or charge of the Deed of Trust first above mentioned.

(2)     That Lender would not make its loan above described without this subordination agreement.

(3)     That this agreement shall be the whole and only agreement with regard to the subordination of the lien or charge of the Deed of Trust first above mentioned to the lien or charge of the Deed of Trust in favor of Lender above referred to and shall supersede and cancel, but only insofar as would affect the priority between the Deeds of Trust hereinbefore specifically described, any prior agreement as to such subordination including, but not limited to, those provisions, if any, contained in the Deed of Trust first above mentioned, which provide for the subordination of the lien or charge thereof to another Deed or Deeds of Trust or to another Mortgage or Mortgages.

Beneficiary declares, agrees and acknowledges that

(a)     He consents to and approves (i) all provisions of the Note and Deed of Trust in favor of Lender above referred to, and (ii) all agreements, including but not limited to any loan or escrow agreements, between Owner and Lender for the disbursement of the proceeds of Lender's loan;

(b)     Lender in making disbursements pursuant to any such agreement is under no obligation or duty to, nor has Lender represented that it will see to the application of such proceeds by the person or persons to whom Lender disburses such proceeds and any application or use of such proceeds for purposes other than those provided for in such agreement or agreements shall not defeat the subordination herein made in whole or in part;

(c)     He intentionally and unconditionally waives, relinquishes and subordinates the lien or charge of the Deed of Trust first above mentioned in favor of the lien or charge upon said land of the Deed of Trust in favor of Lender above referred to and understands that in reliance upon, and in consideration of, this waiver, relinquishment and subordination specific loans and advances are being and will be made and, as part and parcel thereof, specific monetary and other obligations are being and will be entered into which would not be made or entered into but for said reliance upon this waiver, relinquishment and subordination; and

(d)     An endorsement has been placed upon the Note secured by Deed of Trust first above mentioned that said Deed of Trust has by this instrument been subordinated to the lien or charge of the Deed of Trust in favor of Lender above referred to.

**NOTICE: THIS SUBORDINATION AGREEMENT CONTAINS A PROVISION WHICH ALLOWS THE PERSON OBLIGATED ON YOUR REAL PROPERTY SECURITY TO OBTAIN A LOAN A PORTION OF WHICH MAY BE EXPENDED FOR OTHER PURPOSES THAN THE IMPROVEMENT OF THE LAND.**

**(ALL SIGNATURES MUST BE ACKNOWLEDGED)**

A.P.N.: **029-200-017**          Subordination Agreement - continued          File No.: **1004-3102566 (SR)**
Date: **November 26, 2008**

*IT IS RECOMMENDED THAT, PRIOR TO THE EXECUTION OF THIS SUBORDINATION AGREEMENT, THE PARTIES CONSULT WITH THEIR ATTORNEYS WITH RESPECT THERETO.*
(CLTA SUBORDINATION FORM "A")

OWNER:

NIJJAR BROTHERS FARMS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

_____

**By:** Authorized signor

STATE OF _____ )SS
COUNTY OF _____ )

On _____, before me, _____, Notary
Public, personally appeared _____

_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature

_____

My Commission Expires: _____          *This area for official notarial seal*

Notary Name:_____          Notary Phone:_____
Notary Registration Number:_____          County of Principal Place of Business:_____

A.P.N.: **029-200-017**                 Subordination Agreement - continued                 File No.: **1004-3102566 (SR)**
Date: **November 26, 2008**

BENEFICIARY:

UNITED STATES DISTRICT COURT

By:_____

STATE OF        _____    )SS
COUNTY OF      _____    )

On _____, before me, _____, Notary
Public, personally appeared _____

_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature

_____

My Commission Expires: _____          *This area for official notarial seal*

Notary Name:_____          Notary Phone:_____
Notary Registration Number:_____          County of Principal Place of Business:_____



**caed_cmecf_helpdesk@caed .uscourts.gov**
12/02/2008 10:53 AM

To   caed_cmecf_nef@caed.uscourts.gov

cc

bcc

Subject   Activity in Case 1:08-cv-00042-AWI-DLB Chooljian Brothers Packing Company, Inc. v. Tilson et al Minute Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of California - Live System

#### Notice of Electronic Filing

The following transaction was entered on 12/2/2008 at 10:53 AM PST and filed on 12/2/2008
**Case Name:**       Chooljian Brothers Packing Company, Inc. v. Tilson et al
**Case Number:**     1:08-cv-42
**Filer:**
**WARNING: CASE CLOSED on 10/28/2008**
**Document Number:**    37(No document attached)

**Docket Text:**
**MINUTE ORDER: (TEXT ENTRY ONLY) THE COURT RESETS THE MOTION HEARING as to [33] MOTION to ENFORCE JUDGMENT** *Motion for Assignment Order* **: Motion Hearing RESET from 1/16/2009 to 1/20/2009 at 01:30 PM in Courtroom 2 (AWI) before Chief Judge Anthony W. Ishii. (Hernandez, M)**

**1:08-cv-42 Electronically filed documents will be served electronically to:**

Kurt F. Vote   kurt.vote@mccormickbarstow.com

**1:08-cv-42 Electronically filed documents must be served conventionally by the filer to:**